David C. Kresin (019858)
YEN PILCH ROBAINA & KRESIN PLC
6017 North 15th Street
Phoenix, Arizona 85014
Telephone: (602) 682-6450
Facsimile: (602) 682-6455
dck@yprklaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Maureen Adamcik,<br><br>        Plaintiff,<br><br>vs.<br><br>Unanet, Inc.,<br><br>        Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

For her Complaint, Plaintiff Maureen Adamcik, by and through her counsel, alleges as follows:

1. Plaintiff Maureen Adamcik ("Ms. Adamcik") is an adult female residing in Maricopa County, Arizona.

2. Defendant Unanet, Inc. ("the Company") is a corporation domiciled in Virginia that conducts business in Maricopa County, Arizona.

3. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

4. This Court has jurisdiction over the claims in this case under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Defendant resides in and a significant portion of the events giving rise to these causes of action occurred in Maricopa County, Arizona.

6. This Court has personal jurisdiction over the Defendant and venue is proper in this Court.

7. From May 2019 until October 2019, Ms. Adamcik worked as a Strategic Engagement Manager for Clearview Software, which paid her a salary plus potential bonuses. At that time, Ms. Adamcik had significant responsibility to oversee and direct client implementation of Clearview's software solution.

8. In October 2019, Defendant acquired Clearview Software and Ms. Adamcik became employed by Defendant as part of that acquisition.

9. Upon the transition to Defendant after the October 2019 acquisition, Ms. Adamcik's job changed dramatically. Specifically, her role changed to training consultant and Defendant stripped her job of all significant management or administrative responsibilities.

10. As a training consultant, her primary duty, in which she spent the vast majority of her time, was providing Defendant's clients with entry level training on Defendant's Clearview software by simply following a general training outline to convey a general overview of basic system software functionality. The entry level training function was the only duty that she customarily and regularly performed.

11. Ms. Adamcik had no discretion or influence regarding the scope or content of the training sessions. She had no control over the topics covered or scheduling of the trainings. Her work did not relate to management or general business operations of Defendant or its customers.

12. In the training consultant role, she exercised no significant discretion or independent judgment on any issues of consequence, she had no decision-making responsibilities, and she did not manage people, departments, clients, or products.

13. As a training consultant, Ms. Adamcik was instructed by her boss to only train on how the system worked out of the box. The system came with default reports and Ms. Adamcik would provide links to the support site for the client to watch videos or read articles for help. In the event a client requested reports that were not "out of the box", the client would be referred to the custom solutions department. And any complex items or

subjects outside of the standard basic training material were referred to someone else at Defendant with a better understanding of the system functionality.

14.   Ms. Adamcik resigned her position effective August 6, 2021.

### Count One (Overtime Violations Under the Fair Labor Standards Act)

15.   Ms. Adamcik incorporates herein all previous allegations in this Complaint.

16.   At all relevant times, Defendant was an employer covered under the FLSA.

17.   At all relevant times, Ms. Adamcik was an employee covered under the FLSA.

18.   During her employment with Defendant, Ms. Adamcik regularly worked more than 50 hours per week.

19.   Defendants failed to pay Ms. Adamcik overtime compensation for all work weeks in which Ms. Adamcik worked more than forty (40) hours, in violation of the FLSA.

20.   Defendants' conduct described above was willful.

21.   Ms. Adamcik is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages.

22.   Ms. Adamcik is entitled to recover her attorneys' fees incurred herein pursuant to 29 U.S.C. § 216.

23.   Ms. Adamcik hereby requests a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff Maureen Adamcik prays for judgment against Defendant Unanet, Inc. as follows:

A.   For an award of unpaid overtime compensation, in an amount to be proven at trial;

B.   For an award of liquidated damages on the unpaid overtime compensation;

C.   For an award of attorneys' fees and related expenses;

D.   For an award of prejudgment and post-judgment interest;

E.   For an award of Plaintiff's costs of suit incurred herein; and,

1   F.   For an award of such other relief as the Court may deem just and proper.

2   DATED this 2nd day of November 2021.

3                                   YEN PILCH ROBAINA & KRESIN PLC

4

5                                   By /s/David C. Kresin
6                                   David C. Kresin
                                    Attorneys for Plaintiff Maureen Adamcik
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28